IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD N. NWABUISI, #A1650517         *

        v.                                 *  CIVIL ACTION NO. CCB-14-2025

ERIC H. HOLDER, et al.                 *

                                                       *
                                                    ***

MEMORANDUM

On January 8, 2014, Richard Nwabuisi, then detained at the Worcester County Jail in Snow Hill, Maryland awaiting deportation to his native country of Nigeria, filed a 28 U.S.C. § 2241 petition claiming that he had been held in Immigration and Customs Enforcement ("ICE") custody beyond the expiration of the presumptive six-month removal period in violation of *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[1]  The petition was denied in a March 13, 2014, Memorandum based on Nwabuisi's refusal to board commercial flights to Nigeria which resulted in expiration of the necessary travel documents.  Although the petition was dismissed, the court stated that "[s]hould his detention continue beyond May of 2014, he may again seek habeas corpus relief in this court pursuant to 28 U.S.C. § 2241." (*Nwabuisi v. Holder*, Civil Action No. CCB-14-49, ECF No. 13, at 5.)

Nwabuisi remains in detention and is currently in the custody of the Warden at the Etowah County Jail in Gadsden, Alabama.  He filed the above-captioned petition pursuant to 28 U.S.C. § 2241, again citing *Zadvydas*.  He argues that venue lies in this court based on the March 13, 2014, Memorandum issued in *Nwabuisi v. Holder*, Civil Action No. CCB-14-49 (D. Md.).

Pursuant to 28 U.S.C. § 2241(a), "writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."  A petition for writ of habeas corpus

---

[1] The validity of the removal order mandating Nwabuisi's deportation was not at issue.

"does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973).[2] Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See id.*; *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Comm'n*, 648 F. Supp. 479, 480 (D. Md. 1986). Nwabuisi is currently confined at the Etowah County Jail in Gadsden, Alabama, and was at that facility at the time he filed the instant action.

Accordingly, this court lacks jurisdiction to adjudicate his 28 U.S.C. § 2241 petition. The Clerk shall transfer the petition to the appropriate jurisdiction, the United States District Court for the Northern District of Alabama.

Date:  June 26, 2014                                              _____/s/_____
                                                                              Catherine C. Blake
                                                                              United States District Judge

---

[2] An application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C. § 2242.  Here, the proper respondent would be the warden of the jail in which Nwabuisi is being held.